IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Amanda Levey, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> St. Alexius Medical Center, d/b/a ) <br> CHI St. Alexius Health – Bismarck ) <br> ) <br> Defendant. ) <br> ) | Case No. _____ <br><br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Amanda Levey, and for her Complaint against the Defendant, states as follows:

### I.  PARTIES AND JURISDICTION

1. Plaintiff Amanda Levey (hereafter "Levey") is a resident of Bismarck, North Dakota

2. Defendant St. Alexius Medical Center is a domestic, non-profit corporation incorporated in North Dakota and doing business under the trade name of CHI St. Alexius Health – Bismarck (hereafter "CHI St. Alexius Health").

3. This action arises under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., as hereinafter more fully appears. The jurisdiction of this court is founded on 28 U.S.C. §1331.

4. Venue is proper in the U.S. District Court for the District of North Dakota, Western Division, because the Defendant was an employer with its principal place of business in Bismarck, North Dakota, and at all times material hereto the Plaintiff herein was an employee at

its clinic facilities in Bismarck, North Dakota.

## II.   STATEMENT OF FACTS

5. Levey began work as a nurse practitioner in the St. Alexius Pain Clinic in April 2018.

6. Due to difficulties with anxiety and depression, Levey requested and received FMLA leave from August 12, 2019, through November 4, 2019.

7. On or about October 15, 2019, Levey was informed by Tess Schmidt, Clinic Director, and Missy Schmidt, Human Resources Manager, that her position in the Pain Clinic would be filled by someone else and that she was being assigned to a position in the Heart and Lung Clinic.

8. On or about October 31, 2019, Levey was informed by Tess Schmidt and Missy Schmidt that the Heart and Lung Clinic position had been filled by a different individual and that instead she was being assigned to a position in the Neurology Clinic.

9. Levey began training in her new position in the Neurology Clinic on November 5, 2019.

10. There were substantial differences between Levey's position in the Pain Clinic and the position in the Neurology Clinic, including but not limited to the following:

- In the Pain Clinic, Levey worked only with outpatients. In the Neurology Clinic she was required to work with both outpatients and inpatients. Outpatient care is typically more chronic care in nature whereas inpatient care involves acute care patients.

- In the Pain Clinic, Levey most frequently worked with patients suffering from neck pain, back pain and arthritis. In the Neurology Clinic her patients were more likely to suffer from Parkinson's Disease, multiple sclerosis and the after-effects of stroke. The types of pain medications used to treat patients in the

2

        Neurology Clinic, and the dosage of those medications, were very different from what Levey had experienced in the Pain Clinic.

- That the nurse practitioner position in the Neurology Clinic was not "equivalent" to Levey's position in the Pain Clinic is evidenced by the fact that more than two months after starting work in the Neurology Clinic, Levey was still in "training" for her new position.

- While in the Pain Clinic, Levey worked from 7:15 a.m. to approximately 3 p.m. to 4 p.m., Monday through Thursday and was off at 12 noon on Friday. In the Neurology Clinic, Levey was required to work from 8 a.m. to 5 p.m., Monday through Friday.

- In the Pain Clinic, Levey had no "on call" responsibilities. In the Neurology Clinic she was "on call" from 8 a.m. to 5 p.m. every weekday and sometimes had to work past 5 p.m.

- In the Pain Clinic, Levey had her own workspace with a desk and a phone. In the Neurology Clinic she did not have her own workspace, he own desk or her own phone.

11.    The individual who replaced Levey in the Pain Clinic did not begin that employment until November 25, 2019, almost three full weeks after Levey began training in the Neurology Clinic.

12.    On completion of her FMLA leave, Levey was not restored to the position she had held when that leave commenced, nor was she restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

13.    Due to Defendant's failure to restore her to her previous nurse practitioner position or

an equivalent Levey resigned from her position at CHI St. Alexius Health effective January 13, 2020.

## COUNT ONE – INTERFERENCE WITH RIGHTS UNDER FMLA

14. Levey re-alleges and incorporates herein by reference Paragraphs 1-13 above.

15. Pursuant to 29 U.S.C. § 2615(a)(1), it is an unlawful for an employer to interfere with, restrain or deny the exercise of rights afforded under the Act. Pursuant to 29 U.S.C. § 2614(a), Levey was entitled to be restored to her former position in the Pain Clinic or an equivalent position. CHI St. Alexius failed to restore Levey to her former position or an equivalent position, and as a consequence she resigned from her employment.

16. As a direct and proximate result of Defendant's violation of law, Levey has suffered monetary damages in the form of back pay, front pay (including a $20,000 remaining balance on her signing bonus), employee benefits to which she was and would have been entitled had she remained in Defendant's employment, increases or adjustments in compensation which would have been provided had her employment remained continuous, all in an amount to be proven at trial.

17. Pursuant to 29 U.S.C. § 2617(a)(1)(A), Levey is entitled to an award of interest on the monetary damages claimed herein, plus an equal amount in liquidated damages.

18. Pursuant to 29 U.S.C. § 2617(a)(3), Levey is entitled to an award of reasonable attorney's fees, reasonable expert witness fees, and all costs incurred in this action.

## COUNT TWO – UNLAWFUL DISCRIMINATION UNDER FMLA

19. Levey re-alleges and incorporates herein by reference Paragraphs 1-18 above.

20. Following exercise of her right to take FMLA leave, CHI St. Alexius Health

discriminated against Levey in the terms and conditions of her employment, and such discrimination was motivated by and causally connected to Levey's exercise of her rights under the FMLA.

21. As a direct and proximate result of Defendant's violation of law, Levey has suffered monetary damages in the form of back pay, front pay (including a $20,000 remaining balance on her signing bonus), employee benefits to which she was and would have been entitled had she remained in Defendant's employment, increases or adjustments in compensation which would have been provided had her employment remained continuous, all in an amount to be proven at trial.

22. Pursuant to 29 U.S.C. § 2617(a)(1)(A), Levey is entitled to an award of interest on the monetary damages claimed herein, plus an equal amount in liquidated damages.

23. Pursuant to 29 U.S.C. § 2617(a)(3), Levey is entitled to an award of reasonable attorney's fees, reasonable expert witness fees, and all costs incurred in this action.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For back pay, front pay (including the $20,000 remaining on her signing bonus), employee benefits to which she was and would have been entitled had she remained in Defendant's employment, increases or adjustments in compensation which would have been provided had her employment remained continuous, all in an amount to be proven at trial.

2. For an award of interest on all monetary damages awarded;

3. For an award of liquidated damages in an amount equal to monetary damages and interest awarded;

4. For her reasonable attorney's fees, reasonable expert witness fees, and all costs and disbursements incurred in this action.

5. For such other and further relief as the Court may deem just and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Amanda Levey herewith demands a trial by jury of the maximum number of jurors permitted by law.

Dated this 3 day of February, 2020.

/s/ Leo F.J. Wilking
Leo F.J. Wilking (ND ID# 03629)
Wilking Law Firm, PLLC
P. O. Box 3085
Fargo, North Dakota 58108-3085
Phone: (701) 356-6823
Fax: (701) 478-7621
lwilking@wilkinglaw.com
**ATTORNEY FOR PLAINTIFF**